Campbell *v.* Knights.

Benjamin G. Campbell & al. *versus* Daniel L. Knights.

A sale of real estate by an administrator for the payment of debts, under a license from the Probate Court, is invalid, and no title passes to the purchaser by a deed thereof from the administrator, and no estoppel is created thereby, if the administrator neglects to take the oath required by law prior to the sale.

Writ of entry. This is the same action in which the case arose reported in vol. 24, p. 332.

At the new trial before Tenney J. it was admitted, that on April 10, 1833, the demandants conveyed the premises in controversy to Samuel Moore; that he, on the same day, reconveyed the same in mortgage; that the wife of the tenant was then the wife of Moore, and did not join in the conveyance or relinquish her right of dower; and that Moore afterwards died intestate. The tenant produced the record of the proceedings in the probate court, assigning dower in the premises to the

widow on Oct. 20, 1834; and shew that Kendrick was appointed administrator of the estate of Moore, December 31, 1833; that Kendrick was duly licensed as administrator to make sale of the real estate of Moore, and did make sale of the premises demanded on Dec. 1, 1834, to the demandants; that as administrator, he gave them a deed of "all the right, title and interest which the said Moore had at the time of his decease to redeem the demanded premises from the mortgage aforesaid, reserving the widow's dower which had been assigned and set out to her before;" that the demandants accepted that deed, and caused it to be recorded; that on the last Monday in March, 1840, the administrator rendered into the probate court, his account, wherein he charged himself with the proceeds of the sale of the real estate to the demandants; and that on obtaining the license he gave the proper bond required before the sale of real estate.

The register of probate, called by the tenant, testified, that he had been register about four years in the county of Penobscot, has made search and finds the petition, the license and the bond, but finds no return of sale, of oath before sale, or advertisement, and nothing subsequent to the granting the license and filing the bond, excepting the said account of Kendrick, as administrator, on the files in the probate office.

Joseph Kendrick, the administrator, called by tenant, testified that he had the license to sell, and he had before him the form of oath, but does not recollect distinctly having taken it; that he knew he was bound to do so, before the sale, and that if he did not, he should make himself personally responsible; that it was his intention to do his duty according to law; that he has no distinct recollection, that he did not take the oath; that he does not distinctly recollect, that he made out a return of his doings, but kept all the probate papers separate from others, carried them to the probate office, and shew them to the Judge, and took away such as the Judge thought proper that he should take, and left the remainder; knew that it was his duty to make a return, and intended to do his duty, and has no recollection that he did not do it. Notice of sale was

Campbell *v.* Knights.

admitted to have been legally given. The demandant's counsel objected to the competency of Joseph Kendrick, and his testimony in the case was received subject to objection.

After all the evidence had been introduced, it was agreed by the parties, that it should be reported, and that the Court should enter such judgment upon the facts, so far as they were legally admissible, upon nonsuit or default, as the law requires; and that they have the power to make such inferences as a jury would do.

*Kent*, for the plaintiffs, contended that the assignment of dower was illegal, and that he had a right to make this point notwithstanding the former decision.

We did not introduce the administrator's deed, but objected to its introduction, until proof had been made, that the administrator had done all that the law requires to make the sale legal. That was not done. There was no evidence, that the oath had been taken. The deed, therefore, passed nothing to the demandants; was entirely void; and the plaintiffs cannot thereby be estopped from recovering upon their perfect title under the deed of mortgage. Stat. 1821, c. 51, § 69; *Parker* v. *Nichols*, 7 Pick. 111.

*Hathaway*, for the defendants, said the only question here was, whether the oath was taken by the administrator, or rather whether the sale was invalid in consequence of an omission by him to take the oath. Every thing besides was decided in the former case between the parties. 24 Maine R. 332.

He contended, that there was sufficient evidence to show, that the oath was taken by the administrator prior to the sale.

He also contended, that the demandants were equally estopped by their deed, whether the administrator did, or did not take the oath. They cannot impeach their own title; and we did not do it by introducing the deed.

The opinion of the Court was drawn up by

TENNEY J. — It was held by the Court in this case, 24 Maine R. 332, that the assignment of dower to the widow of

Samuel Moore, before her marriage with the tenant, was a valid assignment, and must be effectual against all persons, excepting the mortgagees, and those claiming under them. The evidence upon that point at this time does not vary from that adduced on the former trial, and we see no reason for disturbing the doctrine there advanced.

The tenant, in his defence to the action, relies upon a deed given by the administrator of the estate of Samuel Moore to the demandants, of the right in equity of redeeming from the mortgage to them, therein " reserving the widow's dower, which has been assigned and set out heretofore." It is insisted by the demandants, that this deed has no validity, and that they are not estopped thereby, to contest the widow's right under the assignment, to hold against them as mortgagees.

The tenant attempted to show, that the sale of the equity of redeeming was in all respects according to the requirements of the statute ; but there was no evidence, that the administrator took the oath required, before the advertisement and sale, or that return of his doings touching the same was ever made to the probate office; and that no record or document can be found, from which it appears, that any thing was done by the administrator in reference thereto, subsequent to the granting of the license, and the bond given upon receiving such license, excepting the account of administration, in which he charges himself with the sum of $220, received of Campbell & Mills for real estate sold them. These omissions were important, and are such as to render the sale and the deed inoperative and void. Stat. 1821, chap. 51, sect. 69; *Parker* v. *Nichols,* 7 Pick. 111.

The demandants have not admitted, that the husband of the tenant died seized, but claim by a paramount title under their mortgage. The administrator by virtue of his office had no right of possession of the deceased's lands, and his deed gave no seizin. *Marr* v. *Hobson & al.* 22 Maine R. 321.

It is not pretended, that there has not been a breach of the condition of the mortgage, and the demandants are entitled to the conditional judgment, and the tenant has the right of redemption in him.