WILLIAM C. CURRIE, Administrator, &c. *v.* WILLIAM B. STEWART et al.

It has been repeatedly held by this court, that a strict compliance with the statute authorizing the probate court to order a sale of lands of a deceased person's estate must be shown, in order to render such an order and the sale under it, valid.

This rule applies with greater force to cases where a special and extraordinary power, not legitimately belonging to the jurisdiction of the probate court, is conferred upon it by statute.

It is necessary to the validity of a sale by an administrator, under the act of

Currie *v.* Stewart et al.

1830, (Hutch. Co. 677,) that he should execute a bond for the application of the proceeds of the sale, such as the statute requires to be taken by the court at the time of ordering the sale.

The failure to take such a bond will render the sale void.

IN error from the circuit court of Hinds county; Hon. R. Barnett, judge.

William C. Currie, as administrator of the estate of Abraham Whitaker, deceased, sued upon a writing obligatory executed by William B. Stewart et al., for the purchase-money of a tract of land sold by Currie, administrator, &c., under an order of the probate court of Hinds county. The defence set up by Stewart et al. to the note was, that the sale of the land by the administrator was made without any legal authority, the proceedings and order of sale in the probate court being irregular and void. Whitaker, the deceased, left a will, whereby he gave the whole of his real and personal estate to his wife for life, and after her death the same to be equally divided among his children and the heirs of their bodies; but the widow of deceased relinquished her life-estate in the lands in question, and commissioners were appointed by the probate court to divide the lands among the heirs of the deceased, who reported to the court that they were requested not to make a division of the land because they could not divide it equally and beneficially between the parties interested in it. The petition filed in the probate court to sell the land, sets forth that it was the interest of the heirs and distributees that the land should be sold and the proceeds distributed according to law, and to promote the interest of the heirs and distributees, an order for the sale of the land was prayed from the probate court, as required by the statute. The probate court ordered a sale of the land as prayed for, and the administrator, Currie, was directed to make the sale, and apply the proceeds arising from the sale in the same way as the land would have gone if no such order of sale had been made by the probate court. Some of the heirs of the estate were minors.

Currie, the administrator, made the sale and reported it to the probate court, when the report was confirmed by the court, and a deed was executed by the administrator to Stewart, the

5 *

purchaser; but no bond was taken from the administrator, Currie, before the order of the sale of the land by the probate court was made, to apply the proceeds of the sale of the land in the same way which the land would have descended.

A verdict was found for the defendants Stewart et al.; and Currie, administrator, &c., prayed a writ of error to this court.

*T. J.* and *F. A. R. Wharton,* for appellant,

Contended the sale of the land was valid, and, to sustain that position, cited and commented on Kent's Com. p. 351; Hutch. 677, § 1, 2; Ib. 666, § 96–7, &c.; Ib. 667, § 102; Ib. 671, § 113; Ib. 505, § 131–2; Ib. 679, § 31; Ib. 675, § 1, 2, 3; *Stevenson* v. *McReary,* 12 S. & M. 9; Hutch. Co. 647; *Wyman* v. *Campbell,* 6 Port. 219; Hutch. 605, § 3; Ib. 609, § 2, 3; *Craig* v. *Smith,* 10 S. & M. 451; *Wiggins* v. *McGimpsey,* 13 Ib. 532; *Lea* v. *Guice,* Ib. 656; Hutch. Co. 728.

*D. W. Adams,* for appellee,

In reply, contended the decision of the circuit court was correct. Hutch. Co. 605; Ib. 677; 1 S. & M. 351; *Planters Bank* v. *Johnson,* 7 S. & M. 449; Hutch. Co. 683; Ib. 728; 2 S. & M. 527; Hutch. Co. 677; *Cable* v. *Martin,* 1 How. 559; *Edmonson* v. *Roberts,* 2 How. 822; 6 Ib. 106; 1 S. & M. 208; 2 Ib. 527; 1 Ib. 351; 7 Ib. 449; Ib. 479; 9 Ib. 489; 12 Ib. 9.

Mr. Justice HANDY delivered the opinion of the court.

The plaintiff in error brought this action against the defendants upon a writing obligatory executed by them to him for the purchase-money of a tract of land sold by the plaintiff under an order of the probate court of Hinds county. The defence in the court below was, in substance, that the sale was made without rightful authority, the proceedings and order of sale in the probate court being irregular and void. The material facts necessary to be noticed appear in the petition and proceedings in the probate court. The petition is in the name of the plaintiff, as administrator of Abraham Whitaker and the adult and minor heirs at law of the deceased, and states that the deceased

left a will, and thereby gave the whole of his estate, real and personal, to his wife for life, and after her death " to be equally divided between his children and the heirs of their bodies;" that the widow had released her life-estate to the lands in question, and that commissioners were appointed by that court to divide the lands, who reported that they were requested not to make the division, because it could not be made equally and beneficially between all the parties. It states " that it is to the interest of the heirs and distributees aforesaid, that said land should be sold, and the proceeds distributed according to law," and, " to promote the interest of the heirs and distributees," an order for the sale is prayed, as required by the statute. An order for the sale was afterwards made, but no bond was taken from the administrator who was directed to make the sale, conditioned to apply the proceeds in the same way the lands would have gone if no such order had been made. The sale was made and reported to the court, the report confirmed, and a deed executed by the administrator to the purchaser, the defendant Stewart.

The verdict and judgment being for the defendants, the plaintiff has brought the case here by writ of error.

Many incidental questions were raised in the court below, and have been presented here. But the merits of the case manifestly depend upon whether it was necessary to the validity of the order of sale that the administrator should have executed a bond for the application of the proceeds of the sale, as is required by the act of 1830. Hutch. Co. 677.

It has been repeatedly held by this court, that a strict compliance with the statute authorizing the probate court to order a sale of lands of a deceased person's estate, must be shown in order to render such an order and the sale under it valid. It is regarded as a matter of special jurisdiction which can only be exercised upon condition that every thing has been done which the statute requires should be done preceding the order of sale. *Planters Bank* v. *Johnson,* 7 S. & M. 454; *Gwin* v. *McCarroll,* 1 Ib. 351; *Smith* v. *Denson,* 2 Ib. 326; *Stevenson* v. *McReary,* 12 Ib. 9. This is the rule applied to sales of land by order of that court when made in the due course of administration of

the estate of the deceased, for the payment of his debts; and it applies with greater force to cases like the present, where a special and extraordinary power, not legitimately belonging to the jurisdiction of the court, is conferred upon it by statute.   If this order of sale, then, was made in virtue of the act of 1830, Hutch. Code, 677, it is clear, upon these principles, that it was unauthorized and void, for want of the bond which the second section of that act imperatively requires to be taken by the court at the time of ordering the sale.

It is insisted in behalf of the plaintiff, that the order of sale should be referred to the act of 1833, Hutch. Code, 679, and is justified by that act.   That act gives to the court the power to order a sale of lands at the instance of parties claiming as joint-tenants, tenants in common, or coparceners, and showing that an equal division thereof cannot be made.   It is said by this court, in *Smith* v. *Craig*, 10 S. & M. 451, to apply only to cases in which, by the death of a joint-tenant, tenant in common, or coparcener, his land may descend to his minor heirs; that it contemplates a division of the proceeds of sale between living parties and the representatives of a deceased party.   The petition in this case shows nothing to bring it within that rule. On the contrary, it is presented in the names of the administrator and the heirs and distributees of the estate, claiming as such, and not as joint-tenants, tenants in common, or coparceners.   The object is stated to be "to promote the interest of the heirs and distributees," and "that the proceeds should be distributed according to law."   But it is said that, although they do not claim in the petition under the exact designation named in the statute, yet that from the facts stated showing their claim, they appear to be joint-tenants.   If this principle were correct, still the facts on which it is based are not sustained by the record, for the petitioners are the administrator and heirs and distributees, who together could in no sense claim the character of joint-tenants or tenants in common of the land.   But it is proper to consider the claim of the parties upon the ground on which they have chosen to place it.

Is is also said that the application for the sale was made on the ground that an equal division of the land could not be

made. But this alone would not give jurisdiction to the court to order the sale under the act of 1833, as is above shown; but that fact might constitute a very good reason for the exercise of the power to order a sale in virtue of the act of 1830.

For these reasons, we think the order of sale cannot be sustained under the act of 1833.

The petition and proceedings seem to be founded on the act of 1830. The parties petitioning, the character of their interest as set forth, and the reasons assigned, "to promote the interest of the heirs and distributees," and to have "the proceeds distributed according to law," all show that the act of 1830 was had in view. But an important requisite under that act was omitted, an error of very frequent occurrence in such proceedings, and often resulting in great hardship; and it follows, from what is said above, that the order of sale and proceedings under it are void, and that no title passed by the sale.

The judgment below is in accordance with this view, and it is, therefore, affirmed.