## BLACKMAN VS. BAUMANN.

1. Proceedings of a guardian for a sale of land for the *education* and *maintenance* of his ward, were governed by sec. 64, R. S., 1849.
2. It was essential to the validity of a guardian's sale under that chapter, that the guardian's oath, required by sec. 14, should be taken *before* fixing on the time and place of sale.
3. If the oath was not so taken, an order of confirmation would not make the sale valid.
4. *It seems* that ch. 64 did not contemplate a confirmation of sales made under its provisions.

APPEAL from the Circuit Court for *Jefferson* County.

Action to recover real estate. The defendant derived title through a guardian's sale, made by the order of the probate court, for the education and maintenance of infant wards, of whom the plaintiff in this action was one. The sale was made on the 10th of December, 1850, and the oath of the guardian that he would exert his best endeavors to dispose of the property in such manner as would be most for the advantage of all person interested, was made on the same day. The record showed an order of confirmation, which recites that it appeared from the report of the sale and the affidavit annexed thereto, that the guardian had in all respects conformed to the statute. It was admitted that

the defendant bought the premises in good faith from the purchaser at the guardian's sale, and had made valuable improvements thereon. The circuit judge held the guardian's sale to be invalid; and rendered judgment for the plaintiff; from which defendant appealed.

*Orton & Mulberger*, for appellant:

The only question in this case is, Does the fact that the oath of the guardian, found in the record, was made *before* the sale, but *after* the posting up of the notices of sale, defeat the title of the defendant. *Young v. Lorain*, 11 Ill., 639; *Young v. Dowling*, 15 id., 481; *Pursley v. Hays*, 17 Iowa, 310; *Ewing's Lessee v. Higby*, 7 Ohio, 1st part, 198, 200; id., 2d part, 165, 167; 9 id., 22; *Comstock v. Crawford*, 3 Wallace, 396; *Florentine v. Barton*, 2 id., 210; *Grignon v. Astor*, 2 How. (U. S.), 319; *Porter v. Purdy*, 29 N. Y., 106; *Betts v. Bagley*, 12 Pick., 572; *Emery v. Vroman*, 19 Wis., 689. The two chapters prescribe the same form of oath, and both require confirmation of the sale. The court is presumed to have adjudicated the question as to which chapter should govern the proceeding, and found the facts in the question brought the case under the chapter that was followed, and the confirmation is an adjudication of the sufficiency of the oath and all other proceedings, and these adjudications are conclusive and final.

*Enos & Hall*, for respondent.

COLE, J. It seems to us impossible to sustain the guardian's sale under chapter 65, R. S. 1849, as one made to raise means to pay the debts of the wards and the charges of managing their estate. All the papers in the probate proceedings fully repel any such conclusion. They show that the proceedings of the guardian were had under the provisions of chapter 64, because "it was necessary that said premisis should be sold, and the proceeds thereof, or

some part of the same, be applied towards the necessary education and maintenance of the infants." This is the reason assigned in the petition for license to sell the real estate. And the county court, in the order appointing the time and place for the hearing of the application, states that the petition represents that in order to defray the expenses of the support, maintenance and education of the infants, it was necessary to sell the real estate belonging to them. This shows that the application and license to sell were understood to be founded on the provisions of chapter 64. And this was doubtless the fact. Can, then, the sale be sustained under that chapter? It appears to us not.

Section 14 of that chapter requires that the guardian shall, " *before fixing on the time and place of sale, take and subscribe an oath,*" etc. This was not done in this case. For it appears that the guardian did not take the oath until the day the sale was made. In other words, he did not take it " before fixing on the time and place of sale," as required by this section. But it is said, inasmuch as it appears that the proper oath was taken by the guardian before the sale was actually made, that this should be deemed a sufficient compliance with the statute upon that matter. The provision, however, is peremptory, that the oath required shall be taken before fixing on the time and place of sale. Can the court say, in view of language so explicit, that the oath need not be taken before fixing on the time and place of sale, but may be taken at any subsequent time? We think the court has no right to take such liberties with the statute, and disregard a requirement so plainly expressed, even to sustain a sale otherwise regular. To do so would be assuming the province of the law-making power. We are therefore unable to see upon what principle the sale in this case can be held valid. See *Emery v. Vroman*, 19 Wis., 689; *Williams v. Reed*, 5 Pick., 480;

*Parker v. Nichols,* 7 id., 111; *Campbell v. Knights,* 26 Maine, 224.

But it was further claimed that as the sale in this case was confirmed by the probate court, this was a direct adjudication by that court of the sufficiency of the oath and of all other proceedings therein. And it is insisted that if any irregularity intervened as to the time of taking the oath, the remedy was by an appeal from the order of confirmation and that the sale cannot be avoided in this suit upon that ground. It is very questionable whether chapter 64 contemplates a report and confirmation of the sale made under its provisions. The chief justice, in *Emery v. Vroman, supra,* clearly intimates that it does not; and I am inclined to agree with him in this construction of the statute. See subd. 5, sec. 23, chap. 64, and subd. 5, sec. 52, chap. 65. But, not to dwell upon this point, it will be seen that sec. 23, chap. 64, declares that the sale shall not be avoided on account of any irregularity in the proceedings provided it shall appear, " 1. That the guardian was licensed to make the sale," etc. " 2. That he gave a bond," etc. " 3. *That he took the oath prescribed in this chapter.*" This is equivalent to saying that the sale shall be avoided when it appears that the guardian did not take the oath prescribed in that chapter. Such is the manifest implication of the language employed. *Reynolds v. Schmidt,* 20 Wis., 374. So that, it appearing that the guardian did not take the oath in conformity to section 14, before fixing upon the time and place of sale, the proceeding is invalid.

*By the Court.*—The judgment of the circuit court is affirmed.