## WILKINSON and another vs. FILBY.

*Guardian's sale—Estoppel—Ouster.*

1. A guardian's sale of land held invalid, because the record does not show that he took the oath required by the statute.
2. The fact that the proceeds of the sale were applied to the benefit of the wards, does not estop them from denying its validity after becoming of age.
3. If the purchaser at such sale is in possession, claiming title under the guardian's deed, that is a sufficient ouster to sustain ejectment by the heirs.

APPEAL from the Circuit Court for *Fond du Lac* County.

Ejectment, by two of the four heirs of John Wilkinson, for an undivided two-fifths of a tract of land deeded in 1846 to the widow and heirs of said Wilkinson, then deceased.* A witness for plaintiffs testified that, before

---

* The printed bill of exceptions, which omits the pleadings, and apparently a part of the evidence, does not enable the reporter to make a proper statement of the case. One Gilson seems to have been the purchaser, or a grantee of the purchaser, at the guardian's

service of the summons, he served a written demand on defendant, in the name and on behalf of the plaintiffs, for the possession of the land, and that defendant refused to deliver it.   On cross-examination, he said that the summons and complaint were in the sheriff's hands when the demand was served.   Defendant, as a witness for plaintiffs, was asked : "Do you claim to own the land in fee?"   An objection to the question being overruled, he answered "that he only claimed to own fifteen to seventeen of the forty acres described in the complaint, and had claimed to own it since his deed from Gilson ; and this fifteen to seventeen acres was the whole of the forty acres, except what he had deeded away to Foster."   Another witness for plaintiffs was asked what was the value of the rents and profits of the land in dispute since 1863.   An objection, on the ground that no ouster by defendant had been shown, was overruled, and the witness answered the question.   The defendant moved for a nonsuit, on the ground that plaintiffs had not proved an ouster by him, or a demand of possession from him.   Motion denied.   Defendant's evidence showed that he claimed under a sale of forty acres made on the order of the county court in 1850, by the guardian of three infant heirs of John Wilkinson, including the plaintiffs, which sale was confirmed by said court ; but the record did not show that, before making the sale, the guardian took the oath required by the statute. Defendant offered in evidence the account of said guardian, showing that the money received from the sale was expended for the benefit of his wards ; but the evidence was rejected.   The court then charged the jury that the

sale under which defendant claimed, and to have subsequently conveyed to defendant the whole forty acres included in that sale.   The brief of defendant's counsel states that "the first count in the declaration is for two-fifths of the forty acres, except what the plaintiffs had deeded to Foster; the second count is for two-fifths of the whole forty acres."   The brief of the counsel for plaintiffs states that the answer "admits the seizin of the plaintiffs, but avers that their estate had been acquired by the defendant, through an alleged guardian's sale."   REP.

guardian's sale was invalid. Verdict and judgment for plaintiffs; and defendant appealed.

*Gillet v. Pier*, for appellant:

1. The statute requires proof of "actual" ouster. R. S. ch. 141, § 10; 9 Cow. 556; 7 Wheat. 594, 761. Plaintiffs, claiming as tenants in common with defendant, must show acts of disseizin by the latter; such as an entry, claim of exclusive right, denial of plaintiffs' rights, refusal to surrender possession on demand, etc. There was no demand of possession before the action was commenced. The delivery of process to the officers to serve is the commencement of the action. 2. The defendant at the trial stated that he then claimed fifteen to seventeen acres of the land in dispute, and had claimed it "since his deed to Foster;" but there is no evidence that this deed was not given *after* the commencement of the action; nor is there any evidence that this claim had been made to the plaintiffs; and the party in possession has a right to claim as against every body but the rightful owner. 3. The deed to "Rhoda E. Wilkinson, widow of John Wilkinson, and his heirs," conveyed the property to Mrs. Wilkinson, and gave no title to the plaintiffs. 4. The guardian's sale was valid. *Grignon's Lessees v. Astor*, 2 How. (U. S.) 319. 5. Plaintiffs, having received the benefits of the sale, and not offering to refund, are estopped. 3 Abb. Dig. 342; *Bartholomew v. Finnemore*, 17 Barb. 428.

*Edward S. Bragg*, for respondents, argued that the guardian's sale was void; and that the question of ouster was one for the jury, upon the evidence. Defendant's purchase of the whole lot, and his possession under his deed, claiming to own, are *prima facie* evidence that he entered as sole owner in fee, which is adverse to the title of plaintiffs, and makes an ouster, or is evidence to sustain the finding of an ouster. Lomax's Dig. 503; 13 Johns. 496.

DIXON, C. J. The case of *Blackman v. Baumann*, 22 Wis. 611, is fully decisive of this. That was a stronger case for the defendant there than this for the defendant here. It appeared there that the guardian took the oath prescribed by the statute, before making the sale, though not before fixing on the time and place of sale. In this case it does not appear that any oath at all was taken by the guardian; and the consequence is, that no title whatever passed by virtue of his deed.

The learned counsel for the defendant insist very strongly upon the doctrine of equitable estoppel in this case—that the plaintiffs, now of full age, who were the infant children and wards at the time the land was sold, and for whose benefit, it is claimed, the same was sold by their guardian, and the proceeds applied for their nurture and education, should be estopped from questioning the legality of the proceedings and the validity of the defendant's title under them. It ought, perhaps, to be a sufficient answer to this position of counsel, that in the multitude of cases of this kind which have arisen and are constantly arising in the courts, we find no decision or intimation of opinion anywhere that such is the law. If it were possible to found an estoppel upon facts of this nature, it must certainly have been attempted a great many times; and yet we find no record of it in the books.

It would seem to be wholly inconsistent with established principles, that infants, or persons not *sui juris*, themselves incapable of performing the act, or of assenting to its performance by others, should yet be bound by it when *unlawfully* done by another. The act of the guardian derives its whole force from the law which authorizes it; and, if it be unauthorized by law, it is void. The infant, as well by his incapacity to assent to the sale as by his total want of power to direct or control the disposition which shall be made of the proceeds, is and must be regarded as wholly irresponsible and blameless

Wilkinson and another vs. Filby.

Having no will of his own, and being subjected entirely to that of his guardian, it would be strange indeed were he to be estopped by the unlawful acts of the guardian. Counsel pointed us to no authority to sustain their position; and we are certain that none can be found. On the other hand, after considerable research, we have found two cases in which the point seems to have been raised; and in both it was held that there was no estoppel. See *De Mall v. Lockwood*, 3 Blatchford, 56; and *Requa v. Holmes*, 26 N. Y. 338. The remedy of the purchaser must be upon the covenants in the guardian's deed.

It is objected, that there was no such ouster as would enable the plaintiffs to maintain the action. The defendant was in possession of the land, claiming title adversely to the plaintiffs, under the guardian's deed. That was a sufficient ouster, or exclusion of the plaintiffs, to sustain the action.

*By the Court.* — The judgment of the circuit court is affirmed.

NOTE BY DIXON, C. J. Since the foregoing opinion was filed, I have met with the following decisions, in which it was held that minor heirs may, under some circumstances, be estopped from questioning the regularity or validity of sales made or assented to by their guardians, where the proceeds thereof have been applied to the use or benefit of such heirs. They are interesting cases upon the subject; and I deem it important that the attention of the profession should be called to them: *Wilson v. Bigger*, 7 W. & S. 111; *McPherson v. Cunliffe*, 11 S. & R. 426; *Stroble v. Smith*, 8 W. 280; *Benedict v. Montgomery*, 7 W. & S. 238; *Lessee of Merritt v. Horne*, 5 Ohio St. 307.