## Buckner, Newman & Co. v. Wood et al., Exrs.

1. ESTATE OF DECEDENT—SALE TO PAY DEBTS WITHOUT BOND VOID—CASE UNDER CONSIDERATION.—B. died leaving a will, by which he disposed of all his estate, real and personal, making no provision for the payment of his debts, and leaving his executors nothing to do but to hand over the property to beneficiaries under the will, and expressly exonerated his executors from giving "security;" and it was discovered that there was a considerable amount of debts due by said estate, rendering it necessary to sell the land to pay them, and the executors petitioned the probate court for an order to sell the lands, and did, under such order, sell them, but gave no bond, as required by the act of 1858. Upon exceptions by creditors of the testator to the confirmation of the sale: *Held*, that the sale was void for want of a bond, as required by the act of 1858.

APPEAL from the probate court of Jefferson county.

The facts are sufficiently stated in the opinion of the court.

*Geo. L. Potter*, for appellants.

As the record shows no bond by the executors, we are justified in presuming none was given. Was the sale void for want of such bond? The high court has settled that question; and this court, in just such a case, has recently adopted the same rule. The bond is required by law to be given, and when executed and approved, becomes part of the record. The absence of it is a fatal defect. Rucker v. Dyer, 44 Miss.

The fact that the will waives the giving of a bond is no answer to this objection. That waiver relates only to acts directed to be done under the will, and the sale of the realty is not authorized by the testator. These executors could not sell under the will; but were compelled to resort to the court for an order for that purpose.

In such case it is vain to rely on the waiver of a bond. The testator required no bond of his executors because he did not anticipate a sale of the lands. But, where the law provides for the sale, it also requires a bond to be given. No bond having been given in this instance, the sale was absolutely void.

Creditors have a right to be heard to object to this sale. The exhibit to the petition names them as such, and the order was prayed for by the executors for their benefit in common with the other creditors. They do not attack the sale, but they object to its confirmation, which is necessary to complete the sale. Although in one sense creditors at large, that is, without judgments, they may come in and object precisely as mortgage creditors might, that a sale made, under a decree for their benefit, was not properly made, and ought not to be confirmed.

*Thos. Reed*, on the same side,

Cited the following authorities: Acts of 1858, p. 187, ch. 109; ib. art. 89, ch. 60; ib. art. 54, ch. 60. There is no point of law more fully adjudicated than that all sales of real estate of decedents must be made in strict compliance with

every requisite demanded by the statute, otherwise they will be void.   1 Smedes & Marsh. 351; 2 ib. 326; 3 ib. 715.

*Thomas Shackleford,* for appellees.

The statute, art. 90, p. 446, Rev. Code, is silent as to where the sale should be made in such cases; and we hold it is optional with the executor, whether he will sell on the premises or at the court-house.   And even if, in this case, there were irregularities, it will not be held to avoid the sale.   Stephenson v. McCreary, 12 Smedes & Marsh. 154.   If the decree ordering this sale was valid, the irregularity of executors in giving notice will not vitiate the sale.   10 Smedes & Marsh. 265; Barns v. McGee, ib. 219; 5 ib. 91.

As to whether, in order to effect a valid sale of the decedent's land by the executors, it was necessary that they should give bond, etc., see Hamilton & Gary v. Lockhart et al., 41 Miss. 460.   See, also, Currin v. Stewart et al., 26 ib. 646; Washington v. M'Caughan, 34 ib. 304.   The court could require a bond before sale which would have been as valid as if executed before decree.   I maintain the court having jurisdiction of the estate could and can require the execution of a bond at any time before distribution of the proceeds among the creditors.

By the express direction of the will, the executors were relieved from giving any bond whatever.   This being the case, the court was not bound by the statute to demand a bond of the executors.   They were intrusted with the entire management of the whole estate by the testator, under the duty to pay debts; the power to sell real and personal estate without bond was given.

This decree is valid as against the heirs at law of Beavin, until impeached and set aside by a direct proceeding by them for that end.   They are the parties affected by the decree and sale of their land, and the only parties who have the right to object to its validity.   Pollock v. Buie, 43 Miss., and see B. B. Barker v. B. Harper Shephard, admr., 42 Md. 277; Also Crysier et ux. v. Guion, 41 ib. 563.

TARBELL, J. :

B. D. Beavin, deceased, late of Jefferson county, in his life-time, namely in 1859, made his last will and testament, by which, without providing for the payment of his debts, he bequeathed, and "divided out," all his property, real and personal, to certain parties named, designating the share or special portion of each, thus leaving to his executors, besides the care and education of his minor children, the mere duty of a specific distribution of property as directed by the will. After appointing executors, the will declares, "of them I require no security, and any one or all of them may assume and execute the trust." In August, 1868, Wood and Ireland, executors, etc., presented to the probate court of Jefferson county, a petition, representing "that, by the effect of the long and destructive civil war through which the country has just passed, almost the entire personal property of the decedent has been wasted, and that there now remains nothing but the land to meet the large unpaid debts of the estate ; an exhibit of which " is presented with the petition. The exhibit shows a list of debts amounting in the aggregate to upward of $4,000. Upon this petition citations were issued, and, it is presumed from the record, were served upon all the parties concerned, either personally or by publication. At the September term, 1868, of the said probate court, no one appearing to oppose, an order or decree was made directing a sale of all the lands of deceased, and the record recites, that, "upon the petition and exhibits of the executors, and the court having heard and considered the allegations and proofs of petitioners and parties interested, and it appearing that citations have been issued as prescribed by law, and the court being satisfied that the personal estate of decedent is insufficient to pay the debts exhibited and established, and that a sale of all the lands, tenements and hereditaments, of which he died seized and possessed, will be necessary to pay said debt, it is therefore ordered," etc. At the November term, 1868, of said court, the report of

sale of the real estate of deceased was submitted by the executors, and confirmed by the court.

At the instance and upon motion of "Buckner, Newman & Co., P. H. McGraw, Andrew Brown, and George H. Kennedy, creditors of said estate," the decree of confirmation aforesaid was set aside, and leave given to file exceptions to said report of sale. Thereupon the following exceptions were submitted :

1. That the executors have given no bond of sale.

2. The advertisement of the sale, by the executors, was not in proper form. It did not specify whether the sale was for the payment of debts, or for distribution, and did not except from sale the parcel of said land set apart as the dower of the widow of deceased.

3. The notice of the sale was not posted in three public places, or at the door of the court-house.

4. The sale was made on the premises.

5. The executors failed to properly present their application for the sale of realty as required by law.

Upon the hearing of the exceptions at the December term, 1868, of said court, the exceptants presented the petition of the executors for the sale, with the exhibit filed therewith, the order of sale, the report of sale, advertisements, proof of publication, and affidavit of posting notices, together with the several citations and proof of service.

The executors, on their part, introduced the will of deceased, and the assignment of dower.

Upon the foregoing testimony and proofs, and after argument of counsel, the court overruled the exceptions, and confirmed the report of sale.

To this decision the creditors above named excepted, and prayed an appeal, which was granted. The plaintiffs in error ask a reversal of the decree of the court below, on the following grounds :

1. Because the court ought not to have confirmed the sale of the real estate, for the reason that the executors gave no bond as required by law.

2. Because the sale was illegal, not properly conducted, and gave no title to the property.

3. Because the judgment of the court and decree therein were contrary to law.

We apprehend that some of the questions presented to us ought to have been raised on the application for the order to sell, and are now too late, while others are best disposed of by a simple reference to the Code, a strict adherence to which is the course of prudence in all cases.

The only point we need to refer to is, the neglect of the executors to give a bond prior to the sale for the faithful disposition of the proceeds thereof. The rule in such a case is too well established to be discussed or elucidated. The principle is clearly stated in Rucker v. Dyer, 44 Miss., in which the cases of Currie v. Stewart, 26 Miss. 646, and Hamilton v. Lockwood, 41 ib. 460, are referred to as sustaining the same view.

The object of the law of November 20, 1858, was one felt to be much needed for the protection of estates, and its provision requiring of executors and administrators, prior to the sale of real estate, a bond for the proper application of the proceeds, is one which will be rigidly enforced. As in the cases cited above, the sale in the case at bar is void. The title to said lands was not thereby divested out of the heirs, and the court erred in confirming the sale made without the bond required by law.

The decree confirming the sale in this case is reversed, and the cause remanded.