CASE 19—EQUITY—APRIL 26, 1883.

81  127
94  489

81  127
f134  184

# Barnett v. Bull, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Subsection 1 of section 493, Civil Code, in case of sale of infants' real estate, requires that a bond be executed in all cases by the guardian of the infant, with two sureties worth not less than double the value of the estate sold, and upon this bond the court must indorse its approval.

2. If this bond be not given, the order of sale is void.

M. A. & D. A. SACHS FOR APPELLANT.
    No brief.

KOHN & BARKER FOR APPELLEES.
    No brief

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an appeal from a rule made absolute against a purchaser at a sale of real estate, made under the provisions of section 491 of chapter 14 of the Code of Practice. That section authorizes the owner of a particular estate of freehold in possession or by his guardian, if an infant, or by the remainderman against the owner of the particular estate, &c., to proceed, by a petition in equity, to sell the estate for investment of the proceeds in other real property.

The purchaser refused to comply with the terms of sale, upon the ground that he derived no title, and assigns various errors, among them the fact that no bond was executed to the infants, who were the remaindermen, as required by the Code.

In the case of Kendall v. Briggs, MS. opinion, delivered at the present term, this court, in construing the provisions of chapter 14, said that the exceptions mentioned in section 493 applied to subsections 1 and 2 of section 489, when the real estate was sold for the debt of the ancestor, and to

subsection 2 of section 496 when the interest sought to be
sold was of less value than one hundred dollars, and to sub-
sections 1 and 2 of section 490, when the interest of each
owner is of less value than one hundred dollars, and when
the estate cannot be divided without ˉmaterially impairing
its value, or the value of plaintiff's interest therein.

In this class of cases no bond is required, and the excep-
tion is expressly made by section 493 of the same chapter.

Subsection 1 of section 493 requires a bond to be exe-
cuted in all other cases by the guardian of the infant, with
at least two sureties, with not less than double the value of
the estate to be sold, and on this bond the court is required
to indorse its approval.

Subsection 3 provides: "If bond be not given, any order
of sale, and any sale or conveyance made under such order,
shall be absolutely void and of no effect." While the omis-
sion to approve the bond may be merely erroneous, and
the solvency and worth of the sureties could not affect the
purchaser, it is plain that if no bond be executed by the
guardian with the two sureties, the sale is void.    Under the
former statutes it was held that, as the chancellor had to
make the investment through his commissioner, that no bond
was required, and by the provisions of the statute as the law
then .existed there was room for construction; but under the
Code, with these decisions well known to the authors of the
Code and the legislature adopting it, in making the excep-
tions this section with reference to sales for reinvestment is
not embraced, and no doubt with a view of requiring addi-
tional security to the infant.    The money is to be invested,
but by whom the Code is silent; and while the chancellor
must order the investment made, he must see that the
money of the infant is made secure.    The party to whom

the money is paid over for purposes of investment may squander the fund and leave the infant without the security the law intended he should have. The guardian must give the bond as required with at least two sureties, and it is not a bond under this provision of the Code unless this be done. A sufficient reason for requiring the bond is, that the section of the Code requires it; and while it may be urged that the rule under the former statute should be followed, this cannot be done, because it would be a plain disregard of the statute. The sale is void without the bond, and therefore the purchaser ought not to be required to comply with his bid.

Judgment reversed and cause remanded, with directions to discharge the rule and release the purchaser from the payment of the purchase-money.