CLARA L. BACHELOR ET AL. V. GEORGE KORB, JR., ET AL.

FILED FEBRUARY 23, 1899. NO. 8758.

1. **Guardians: LICENSE TO SELL REAL ESTATE: BOND.** The provision of the statute (Compiled Statutes 1897, ch. 23, sec. 54), requiring a guardian licensed to sell the real estate of his wards to give a bond to the judge of the district court, to be approved by such judge, is mandatory.

2. ——: ——: ——. The district courts are not invested with discretion to require or not a guardian appointed in this state, when licensed to sell lands in this state of his wards, to give the bond required by said section 54.

3. ——: ——: ——. Such a guardian's sale of the lands of his ward is void unless, before such sale, the guardian executes the bond required by said section 54. The judge of the district court granting the license must be the obligee in the bond, and it must be approved by such judge.

4. ——: ——: CONSTRUCTION OF STATUTE. The clause "in case any bond is required by the court on granting the license," found in section 64 of said chapter 23, has reference to sales of real estate in this state made by foreign guardians who have given bonds to the courts appointing them.

5. ——: ——: OATH. The failure of a guardian licensed to sell the real estate of his wards to take and subscribe the oath required by section 55 of chapter 23, Compiled Statutes 1897, "before fixing on the time and place of sale" renders the sale, if made, void.

6. ——: SALE OF WARD'S REAL ESTATE: NOTICE. The date of the first publication of the notice of sale is the date on which such a guardian fixes on the "time and place of sale."

7. ——: ——: ESTOPPEL. Heirs, on becoming of age, are not estopped from questioning the validity of a sale of their real estate made by their guardian because he applied the proceeds of such sale to their maintenance and education.

8. ——: ——: CAVEAT EMPTOR. The rule of *caveat emptor* applies to a purchaser at a guardian's sale of the real estate of his ward.

9. **Case Distinguished.** *Myers v. McGavock*, 39 Neb. 843, distinguished.

ERROR from the district court of Cuming county. Tried below before NORRIS, J. *Reversed.*

*T. J. Mahoney*, for plaintiffs in error:

The notice was sufficient. (*Townsend v. Tallant*, 33 Cal. 45; *Monahon v. Vandyke*, 27 Ill. 155; *Gibson v. Roll*, 30 Ill. 172; *Knickerbocker v. Knickerbocker*, 58 Ill. 399; *Turney v. Turney*, 24 Ill. 625; *Morris v. Hogle*, 37 Ill. 150; *Moore v. Starks*, 1 O. St. 372; *Benson v. Cilley*, 8 O. St. 613; *Sibley v. Waffle*, 16 N. Y. 180; *Halleck v. Moss*, 17 Cal. 340; *Johnson v. Johnson*, 30 Ill. 215; *Rankin v. Miller*, 43 Ia. 11; *Lyon v. Vanatta*, 35 Ia. 521; *Blodgett v. Hitt*, 29 Wis. 169.)

The bond required by law was not given. (*Hubermann v. Evans*, 46 Neb. 784; *Weld v. Johnson Mfg. Co.*, 54 N. W. Rep. [Wis.] 335; *Holden v. Curry*, 55 N. W. Rep. [Wis.] 965; *Babcock v. Cobb*, 11 Minn. 347; *Rucker v. Dyer*, 44 Miss. 591; *Barnette v. Bull*, 81 Ky. 127; *Stewart v. Bailey*, 28 Mich. 251; *Ryder v. Flanders*, 30 Mich. 336.)

The guardian did not take the oath required by law. (*Williams v. Reed*, 5 Pick. [Mass.] 480; *Parker v. Nichols*, 7 Pick. [Mass.] 111; *Campbell v. Knights*, 26 Me. 224; *Blackman v. Baumann*, 22 Wis. 611; *Wilkinson v. Filby*, 24 Wis. 441; *Cooper v. Sunderland*, 3 Ia. 114; *Thornton v. Mulquinne*, 12 Ia. 541; *Myers v. McGavock*, 39 Neb. 843.)

*C. J. Smyth*, also for plaintiffs in error.

*M. McLaughlin* and *J. C. Crawford*, contra.

References: *Bryant v. Estabrook*, 16 Neb. 217; *Larimer v. Wallace*, 36 Neb. 444; *Wilcox v. Raben*, 24 Neb. 368; *Saxon v. Cain*, 19 Neb. 488; *Neligh v. Keene*, 16 Neb. 407; *Franklin v. Kelly*, 2 Neb. 112; *Trumble v. Williams*, 18 Neb. 144; *Yoemans v. Brown*, 8 Met. [Mass.] 51; *Robertson v. Johnson*, 57 Tex. 62; *Montgomery v. Johnson*, 31 Ark. 74; *Cain v. Boller*, 41 Neb. 721; *Wilmore v. Stetler*, 36 N. E. Rep. [Ind.] 856; *Bumb v. Gard*, 8 N. E. Rep. [Ind.] 713; *Palmerton v. Hoop*, 30 N. E. Rep. [Ind.] 874; *Deford v. Mercer*, 24 Ia. 118; *France v. Haynes*, 67 Ia. 139; *Commonwealth v. Schuman*, 18 Pa. St. 346; *Valle v. Flemming's Heirs*, 29 Mo. 152; *Hudgin v. Hudgin*, 6 Gratt. [Va.] 320; *Dufour*

*v. Camfranc,* 11 Mart. [La.] 607; *Grignon's Lessee v. Astor,* 2 How. [U. S.] 340; *Seymour v. Ricketts,* 21 Neb. 240; *Stack v. Royce,* 34 Neb. 833; *Richardson v. Farwell,* 51 N. W. Rep. [Minn.] 915; *Schroeder v. Wilcox,* 39 Neb. 136; *McGavock v. Pollack,* 13 Neb. 535; *Emery v. Vroman,* 19 Wis. 724; *Pursley v. Hayes,* 22 Ia. 11; *Haller v. Blaco,* 14 Neb. 195.

RAGAN, C.

Andrew Bergthold died intestate in Cuming county, Nebraska, in October, 1877, leaving a widow, Amelia, and three children. The deceased died the owner of certain real estate. About a year after Bergthold's death his widow married one Ferdinand Schmela, who was subsequently appointed administrator of Bergthold's estate. Upon the petition of Schmela's wife the probate court of Cuming county appointed her husband, Schmela, the guardian of the three minor children of Bergthold, deceased, the children being at that time nine, eleven, and thirteen years of age, respectively. This appointment of Schmela as guardian was made about September, 1885. On September 3, 1887, the judge of the district court of Cuming county, in pursuance of the guardian's petition therefor, granted him a license as such guardian to sell the real estate of his wards for the purpose of raising money to educate and support them. In pursuance of this license the guardian advertised and sold at public auction the real estate of his wards to one Wenzel F. Kriz on September 30, 1887, and on October 14, 1887, executed and delivered to him a guardian's deed for such real estate. George Korb, Jr., Charles Korb, and J. A. Johnson now claim title to the real estate through Kriz. The heirs of Bergthold, having become of age, brought this, an action in the nature of ejectment, in the district court of Cuming county against the Korbs and Johnson to recover possession, with rents and profits, of said real estate. The district court entered a judgment dismissing the action of the heirs, to review which

they have filed here a petition in error. The sole question in the case is the validity of the guardian's sale. If that sale was not void, the judgment of the district court is correct. If it was void, the judgment is wrong and the plaintiffs in error were entitled to the judgment of the district court prayed for in their petition filed therein.

1. Authority for a guardian to sell the land of his wards for their maintenance and education and the procedure regulating such sale are found in sections 42 to 64, both inclusive, of chapter 23, Compiled Statutes 1897. Section 54 of this chapter provides: "Every guardian licensed to sell real estate, as aforesaid, shall, before the sale, give bond to the judge of the district court with sufficient surety or sureties, to be approved by such judge, with condition to sell the same in the manner prescribed by law." Section 64 of such chapter provides: "In case of an action relating to any estate sold by a guardian, under the provisions of this subdivision, in which the ward or any person claiming under him shall contest the validity of the sale, the same shall not be avoided on account of any irregularity in the proceedings, provided it shall appear: * * * Second—That he [the guardian] gave a bond which was approved by the judge of the district court, in case any bond was required by the court upon granting the license." In the proceeding for the sale of his wards' real estate instituted and carried on by the guardian he executed with sureties a bond, the judge of the district court of Cuming county being the obligee named therein. This bond was never presented to, nor in any manner approved by, the judge of said district court. It was, however, filed in the court and approved by the clerk thereof. The statute just quoted is mandatory, that a guardian licensed to sell his ward's real estate shall, before the sale, give a bond to the judge of the district court, to be approved by such judge. Unless such bond be given and approved, a guardian appointed in this state has no authority or jurisdic-

tion to sell the real estate of his wards in this state for the purposes of their maintenance and education. The clause in the second subdivision of section 64, "in case any bond is required by the court upon granting the license," does not mean that the district courts are invested with discretion to require or not a guardian to give the bond required by section 54 as a condition precedent to his authority to sell the real estate of his ward. That provision in said section 64 has reference to the sales of real estate in this state made by foreign guardians who have given bonds to the courts appointing them. The guardian's sale of his wards' real estate was void because the bond given by the guardian was not approved by the judge of the district court. It was not a valid bond until it was approved. The clerk had no authority to approve it, and the effect of the transaction is that the guardian made the sale without giving any bond at all. See upon the subject: *Weld v. Johnson Mfg. Co.*, 54 N. W. Rep. [Wis.] 335; *Holden v. Curry*, 55 N. W. Rep. [Wis.] 965; *Currie v. Stewart*, 26 Miss. 646; *Babcock v. Cobb*, 11 Minn. 247; *Rucker v. Dyer*, 44 Miss. 591; *Williams v. Morton*, 38 Me. 47; *Barnett v. Bull*, 81 Ky. 127; *Stewart v. Bailey*, 28 Mich. 251; *Ryder v. Flanders*, 30 Mich. 336.

In this connection it is said by the defendant in error that the failure of the guardian to have the bond executed by him approved by the judge of the district court was an irregularity merely. The answer to this is, if it was an irregularity, it was such a one as the statute in effect prescribes shall avoid the sale.

Another contention of the defendant in error is that the provision of the statute requiring this bond to be approved by the judge of the district court is directory merely, and that this court held, in *Myers v. McGavock*, 39 Neb. 843, that such a bond need not be approved by the judge of the district court. The requirement of the statute that the district court shall approve this bond is not directory, but it is mandatory; and this court did

not hold in *Myers v. McGavock*, or in any other case, either that the statute requiring this bond to be given was directory, or, that if given, and not approved by the judge, his failure to approve it was immaterial. The *Myers-McGavock Case* was an action in ejectment by heirs. The defendants to that action claimed under a sale made by a guardian. It was insisted that that sale was void because the guardian had not given a bond approved by the judge granting the license as required by statute. Answering this objection we said: "A bond in proper form and with proper sureties was executed and filed in the court in the proceeding as required by the statute; but the record of the proceeding in which the license to sell the real estate of the wards was granted does not show that this bond was formally approved by the judge who granted the license. It is now claimed that this silence of the record is conclusive evidence that the bond was not approved by the judge, and his failure to formally approve the bond renders the entire proceeding void. On the trial of the case at bar the defendants proved by the attorney who conducted the proceeding on behalf of the guardian that the bond was in fact presented to and approved by the presiding judge. The fact of the approval of the bond, like any other fact, might be proved by the best evidence attainable. We are of opinion, however, that in this collateral proceeding the guardian's deed could not be declared void because the bond filed for the purpose of obtaining the license to sell the real estate was not formally approved. (*Emery v. Vroman*, 19 Wis. 724; *Pursley v. Hayes*, 22 Ia. 11; *Hamiel v. Donnelly*, 75 Ia. 93.)" This is not a holding that the approval of the guardian's bond by the judge granting him the license to sell is not an absolutely essential thing. The statute does not prescribe what shall constitute an approval of a guardian's bond to sell his ward's real estate. It does not declare what shall be the only evidence of the judge's approval of such bond. A formal approval of a bond would perhaps consist in the judge's

writing on the bond "approved," or "this bond approved," or some such words, and signing his name. In the *Myers-McGavock Case* the bond was actually presented to the judge, and the fact that he approved it was established by oral evidence,—the best and the only evidence attainable,—and we held that that was sufficient, and that the sale would not be declared void, not because the judge had not approved the bond, but because he had not formally approved it; that is, that the evidence that he had approved it did not appear upon the bond in writing. In the case at bar the bond was never presented to the judge who granted the guardian license to sell. It was never approved by him in any manner whatever. He testified as a witness that the bond was never presented to him nor approved by him.

2. Section 55 of said chapter 23, among other things, provides: "Such guardian shall also, before fixing on the time and place of sale, take and subscribe an oath," etc. The guardian fixed the time and place of sale of his wards' real estate on September 5, 1887, by publishing the first notice of his sale on that date, in which he recited that the sale would occur at a certain time and place on September 30. He took and filed the oath required by statute on September 30, whether before or after the hour fixed for the sale is not disclosed by the record. This did not comply with the statute. It required him to take and subscribe an oath "before fixing on the time and place of sale." In effect he did not take and subscribe the oath required by the statute. The statute of Wisconsin on the subject under consideration provides that the guardian shall, "before fixing on the time and place of sale, take and subscribe an oath," etc. In *Blackman v. Baumann*, 22 Wis. 611, a guardian was licensed by the court to sell his ward's real estate for the latter's education and maintenance. The sale occurred on December 10, 1850. The guardian took and subscribed the oath required by the statute on the same day. The court said: "For it appears that the guardian

did not take the oath until the day the sale was made; in other words, he did not take it 'before fixing on the time and place of sale,' as required by this section. But it is said, inasmuch as it appears that the proper oath was taken by the guardian before the sale was actually made, that this should be deemed a sufficient compliance with the statute upon that matter. The provision, however, is peremptory, that the oath required shall be taken before fixing on the time and place of sale. Can the court say, in view of language so explicit, that the oath need not be taken before fixing on the time and place of sale, but may be taken at any subsequent time? We think the court has no right to take such liberties with the statute and disregard a requirement so plainly expressed, even to sustain a sale otherwise regular. To do so would be assuming the province of the lawmaking power. We are therefore unable to see upon what principle the sale in this case can be held valid;" and it was ruled in that case that because the oath was not taken and subscribed by the guardian before he fixed upon the time and place of his sale the latter was absolutely void. To the same effect are *Williams v. Reed*, 5 Pick. [Mass.] 480; *Parker v. Nichols*, 7 Pick. [Mass.] 111; *Campbell v. Knights*, 26 Me. 224; *Cooper v. Sunderland*, 3 Ia. 114; *Ryder v. Flanders*, 30 Mich. 336. Indeed there seems to be no conflict among the authorities that the failure of the guardian to take and subscribe the oath before he fixes upon the time and place of the sale renders the sale void. We are of opinion, therefore, that the sale made by the guardian in this case was and is void, because the bond given by the guardian in pursuance of section 55 of said chapter 23 was not approved by the judge who granted the license, and because the oath taken and subscribed by the guardian was not so taken and subscribed "before fixing on the time and place of sale."

3. An argument of the defendants in error is that the heirs are estopped from maintaining this suit because they, the defendants in error, at the time they purchased

the property, went into the actual possession thereof and have since been in such possession; that they have made improvements upon the property of the value of $400, and have paid taxes and insurance on the property amounting to $292.73, and that during all the time the defendants in error have been in possession the heirs and their guardian, though living in the same locality with the defendants in error, made no objection or protest to the defendants in error and gave them no notice that they had or claimed any title in the premises; that the defendants in error purchased the premises from the mother of the plaintiffs in error and paid her therefor the sum of $2,312, and assumed and paid off upon the property certain liens put thereon by the mother of the plaintiffs in error while she owned it; that a large portion of the money expended by the defendants in error in the purchase of said real estate and the discharging the liens thereon was used and expended by the guardian of the plaintiffs in error for their education and maintenance, and that they have not paid, nor offered to repay, the same to the defendants in error. But the fact, if it is a fact, that the proceeds of the guardian's sale of the real estate of these wards was applied by him toward their maintenance and education does not estop them from denying the validity of the sale. (*Wilkinson v. Filby*, 24 Wis. 441; *Requa v. Holmes*, 26 N. Y. 338; *Rowe v. Griffiths*, 57 Neb. 488.)

But the defendants in error, though they may have paid a valuable consideration for this real estate, are not innocent purchasers of it. One who purchases real estate at a guardian's sale, or purchases from the vendee of that sale, must take notice at his peril of the authority of the guardian to make the sale. The doctrine of *caveat emptor* applies to purchasers at guardians' sales. The guardian in this case reported that on September 30, 1887, he had sold his wards' real estate for $2,700 cash to one Wenzel F. Kriz. This report he filed in court on October 14, 1887. On that same date the guardian executed and delivered

his deed for the real estate to Kriz, and on October 17 of said year Kriz and his wife, for the same purported consideration of $2,700, conveyed the real estate to the guardian's wife. The defendants in error claim by conveyance from her. An intending purchaser of this real estate, looking at the record of its title, would have seen in this transaction of a sale by the guardian to Kriz and a deed to him for $2,700, and three days afterward a deed from Kriz for $2,700 to the guardian's wife, sufficient to have aroused the inquiries and suspicions of any prudent man, and these inquiries, if pursued with any diligence whatever, would have probably revealed the fact that Kriz never paid anything for this real estate; that the entire proceeding instituted and carried on by this guardian was for the purpose of depriving his wards of the title to their property and vesting it in his wife.

We are not deciding that where a guardian's sale is absolutely void that any one can be protected as an innocent purchaser for value of the real estate sold; but what we do say is that, if these defendants in error are to suffer a loss, it is the result of their own negligence. There was enough upon the face of this record to have deterred any prudent man from investing his money in this property. The fact that defendants in error discharged liens upon this property put thereon by the wife of the guardian affords not the slightest reason why this real estate, when handed over to these heirs, should be burdened with the amount of those liens. Those liens were not upon the real estate when the title to it vested in the heirs upon their father's death. We think the most the defendants in error are entitled to is to set off the taxes upon this real estate paid by them which were liens upon it against the rents and profits. If the money paid by defendants in error to the mother of these children for this real estate was by her used toward the maintenance and education of her children, the latter cannot be charged with it in favor of defendants in error. She was not their legal guardian. No part of the money ex-

pended by the defendants in error went to the guardian of the heirs and was used by him for their benefit. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.